United States District Court
Southern District of Texas

**ENTERED**

February 29, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


UNITED STATES OF AMERICA,       §
                                §
        Plaintiff-Respondent,   §
                                §    CRIMINAL NUMBER H-15-564-31
v.                              §    (CIVIL ACTION NO. H-24-0737)
                                §
JUAN ALBERT MENDEZ,             §
                                §
        Defendant-Petitioner.   §


### MEMORANDUM OPINION AND ORDER


On March 10, 2023, Juan Albert Mendez ("Petitioner") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Petitioner's Original § 2255 Motion) (Docket Entry No. 1903). The Government responded on May 5, 2023.[1] Petitioner requested an extension of time to reply so that he could gather evidence, which the court granted, and Petitioner replied on August 8, 2023.[2] On February 28, 2024, the court denied Petitioner's Original § 2255 Motion and entered a

---

[1] United States' Memorandum in Opposition to Petitioner's 28 U.S.C. § 2255 Motion, Docket Entry No. 1916. All page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2] Juan Albert Mendez Sealed Motion for Extension of Time to File Reply to United States' Memorandum in Opposition to Petitioner's 28 U.S.C. § 2255 Motion, Docket Entry No. 1917; Order Juan Albert Mendez Motion for Extension of Time to File Reply to United States' Memorandum in Opposition to Petitioner's 28 U.S.C. § 2255 Motion, Docket Entry No. 1918, Juan Alberto Mendez Reply to the Government Memoranum in Opposition to Petitioner's 28 U.S.C. § 2255 Motion, Docket Entry No. 1920.

Final Judgment dismissing the accompanying civil case, H-23-0917.[3] The same day, and before the Opinion and Final Judgment were uploaded to the court's ECF system, Petitioner filed an Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody ("Petitioner's Amended § 2255 Motion") (Docket Entry No. 1942).

Because the court has denied Petitioner's Original § 2255 Motion and entered a Final Judgment in the accompanying civil case, the court will treat Petitioner's Amended § 2255 Motion as a new § 2255 motion instead of an amendment.[4]   However out of an abundance of caution and because the court's Opinion was not uploaded to the ECF system at the time Petitioner filed the motion, the court will not treat it as a second or successive motion.  See 28 U.S.C. § 2255(h) (limiting issues that may be raised in a successive § 2255 motion and requiring certification by the appropriate court of appeals).

Rule 4(b) of the Rules Governing Section 2255 Proceedings states:

> The judge who receives the [§ 2255] motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to

---

[3]Memorandum Opinion and Order ("Opinion"), Docket Entry No. 1943, pp. 20-21; Final Judgment, Docket Entry No. 1944.

[4]The court has assigned an accompanying civil case number for Petitioner's Amended § 2255 Motion, Civil Action H-24-737.

notify the moving party.

The court has reviewed Petitioner's Amended § 2255 Motion, the attachments, and the record.   For the reasons explained below, Petitioner's Amended § 2255 Motion will be denied.

## I.   Petitioner's Conflict-of-Interest Allegation

Petitioner raises one argument not addressed in his Original § 2255 Motion: that his lawyer George Murphy had a conflict of interest because he represented a material witness in the case.[5] A defense lawyer's conflict of interest may violate the Sixth Amendment right to assistance of counsel.   Glasser v. United States, 62 S. Ct. 457, 467-78 (1942).   A defendant who made no objection regarding the conflict to the trial court may nevertheless challenge such a conflict on collateral attack. Cuyler v. Sullivan, 100 S. Ct. 1708, 1718 (1980).   To warrant relief, the defendant must show that "an actual conflict of interest affected his lawyer's performance."   Id.   If the defendant makes such a showing, he "need not demonstrate prejudice in order to obtain relief."   Id. at 1719.

Petitioner attaches two documents to support his conflict-of-interest allegation.   First is an Affidavit in which Petitioner

---

[5]Petitioner's Amended § 2255 Motion, Docket Entry No. 1942, p. 14. Petitioner's remaining arguments and allegations were presented in his Original § 2255 Motion and addressed in the court's Opinion denying the motion.  For the reasons explained in the Opinion, those arguments fail and do not warrant an evidentiary hearing.

states "I have reason to believe that my lawyer has a conflict of interest. He was also appointed to represent a material witness in my case."[6] The second attachment is an excerpt from the court's ECF docket sheet.[7] Each docket sheet includes a list of past and present lawyers that have appeared in the case for each party. For the material witness Juan Carlos Garcia, the docket sheet lists two lawyers:

**Material Witness**

| | | |
|---|---|---|
| **Juan Carlos Garcia** | represented by | **Chukwudi Ifeanyi Egbuonu** |
| *TERMINATED: 04/12/2022* | | Attorney at Law |
| | | 4141 Southwest Freeway |
| | | Suite 390 |
| | | Houston, TX 77027 |
| | | 713-635-9488 |
| | | Email: chuck@celawoffice.com |
| | | *TERMINATED: 04/12/2022* |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |
| | | |
| | | **George D Murphy , Jr** |
| | | (See above for address) |
| | | *TERMINATED: 08/07/2019* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: CJA Appointment* |

The court knows from experience with its ECF system that it is common for a docket sheet's counsel list to contain clerical errors. Sometimes when a lawyer appears or is appointed, he is mistakenly listed under the wrong party in the docket sheet, even

---

[6]Affidavit, Exhibit A to Petitioner's Amended § 2255 Motion, Docket Entry No. 1942-1.

[7]Criminal Docket for Case #:4:15-cr-00564-31, Exhibit B to Petitioner's Amended § 2255 Motion, Docket Entry No. 1942-2.

-4-

if the notice of appearance or order of appointment is correct.
When the error is detected, court staff sometimes correct it by
marking the lawyer as "terminated" in the party's counsel list
instead of removing them.   The docket sheet's counsel list is
intended only as a quick reference, primarily for finding contact
information.   It should not be officially relied upon for
determining what lawyers have appeared or been appointed in a case
and which parties they represent.   Instead parties must look to the
underlying case filings, including notices of appearance and orders
appointing counsel.

The court record conclusively shows that Murphy did not
represent Garcia in this case.   First, Murphy made no appearance in
the case prior to his appointment as Petitioner's lawyer and made
no appearance at any time on behalf of Garcia.   Second, Garcia
filed a request for a court appointed counsel about two months
before Petitioner was arrested and appointed counsel.[8]   Garcia
stated in relevant part:

> I am a potential witness in [this case] . . . I am
> now in federal custody waiting to be a witness. I would
> like to have a lawyer appointed to me to represent me as
> a witness and so that I can communicate with the court
> and the government.
>     I have no money and my family has not been able to
> hire an attorney for me.[9]

---

[8]Correspondence RE: Request for Court Appointed Attorney,
Docket Entry No. 1084 (emphasis added).

[9]Id.

The court granted Garcia's request after finding that he was "financially unable to employ counsel" and that he "does not wish to waive counsel."[10]  The court appointed attorney Chukwudi Egbuonu to represent Garcia, and Egbuonu was the only attorney who received a court voucher for representing Garcia in this case.[11]  The court's case file conclusively refutes Petitioner's allegation that Murphy represented Garcia in this case.  Therefore pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, Petitioner's Amended § 2255 Motion will be denied, and the court will not grant an evidentiary hearing.

## II.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability will not issue unless that applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Under that controlling standard this requires a petitioner to show "that

---

[10]Order Appointing Counsel, Docket Entry No. 1089.

[11]Id.; CJA 20 re: Material Witness Juan Carlos Garcia Authorization to Pay Chukwudi Egbuonu, entered September 20, 2022.

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003) (internal quotation marks omitted).

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The court concludes that reasonable jurists could not find any of Petitioner's claims meritorious, so a certificate of appealability will be denied.

### III.   Conclusion and Order

Because Petitioner' conflict-of-interest claim is conclusively refuted by the record, his Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody (Docket Entry No. 1942) is **DENIED**. Petitioner's request for an evidentiary hearing is **DENIED**. Because the court concludes that reasonable jurists could not find any of Petitioner's claims meritorious, a certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 29th day of February, 2024.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE